CHARLES J. SCHUCK, Judge.
The claimant, F. 1V1. Miller, was engaged in the restaurant business in South Charleston, Kanawha county, West Virginia, in a building owned by one S. T. McClellan, and operating under a lease from the said McClellan, dated the 26th day of August 1941. Claimant maintains that this lease was for a period of three years, beginning from the 1st day of September 1941, and the rent payable at the rate of $50.00 per month. Considering the lease as a whole, and considering further that it was urban property that was being leased, it appears to us that the claimant had but a lease from month to month, and could be required to give up the premises on a thirty-day notice.
It appears from the evidence that at the time this lease was executed, both the lessor and the claimant knew of con *113 templated improvements, by virtue of which the state, through the state road commission, was to take over the ground and property upon which the building in question was located, for the purpose of constructing a new highway and viaduct at the place in question and found necessary by reason of the demands made upon the industrial plants in that particular section, as well as a desire to change the right-of-way of the Chesapeake and Ohio Railroad Company.
The lease itself contains a provision to the effect that if the lessor is deprived of the ownership of the building by “due process of law” the lessee shall have no action against him for any breach of the rental contract. This provision was made in contemplation of the improvement referred to herein, and by reason of contracts that had already been made by the official's and agents of the state road commission, indicating a taking over or purchase of the property in question.
The claimant himself admits, (record p. 24) that he knew of the commission’s intention to take over this property as early as the spring of 1941, which would be at least several months before the lease in question was entered into between him and the lessor, McClellan. From the testimony, it appears that after the purchase of the property had been made from the lessor by the state road commission, the lessor was given a period of thirty days within whicli to remove the buildings that were located on the property and that it was at the end of a period of about sixty days that the buildings were ultimately removed. The property was sold by the lessor by deed dated the 25th day of May 1942, and not taken by any condemnation proceedings. Under these circumstances, is the claimant entitled to any remuneration by reason of the purchase of the property under the conditions herein detailed?
One item of his claim is that he could not use the personal property such as stools, cooking utensile, etc. in his new business. Under no circumstances could this be an item that could be maintained as against the state road commission by reason of its purchase, since the change to the new building *114 in which claimant’s business is now located, together with its appointments and fixtures, was entirely the choice of the claimant and could not enter into any consideration so far as an element of damages would be concerned.
We are also of the opinion that, in view of the fact that the claimant had at least thirty days within which to close his business after the purchase of the property by the state road commission and that it was approximately sixty days before the buildings were removed, that he had sufficient constructive notice of the purchase of the property by the state road commission, and that he knew all about the transaction and the purpose for which the property was being purchased; that even under the provisions of his lease he would not 'have been entitled to a longer notice, if the same had been formally given, and having knowledge from before the time he leased the property that it was to be taken over for road improvement purposes, that he cannot now claim any damage against the state road commission by reason of the purchase of the property in question. He does not stand in the position of an innocent tenant whose enjoyment of a lease is interfered with by condemnation of the property that he occupied as such tenant, without due notice and compensation, but, on the other hand, had at least constructive notice of the sale of the property and the purpose for which it was to- be used in the future. Under all the circumstances and*' evidence in the case, we are of the opinion that he was not deprived of any property rights by reason of any action at law or by reason of the purchase of the property, and therefore refuse an award .